*John S. Ducker, for appellant.*
*J. Rodman, for appellee.*

----

## JOHN W. KIDWELL, ET AL., *v.* R. T. HOUSTON.

**Real Estate—Conveyance—Courses, Distances and Monuments.**
> Where a boundary line is to be determined between two land own-
> ers, courses and distances called for in the deed must yield to monu-
> ments or local objects called for in the description.

### APPEAL FROM PENDLETON CIRCUIT COURT.

February 26, 1875.

OPINION BY JUDGE COFER:

The appellee claims title to the land in contest in this case under
a deed from Daniel Coleman to John Montjoy, dated July 4, 1792,
and the appellants claim it under a deed from James Coleman, one
of the heirs of Daniel Coleman, to Alvin Montjoy, bearing date in
1825.

The circuit court decided that neither party had shown an avail-
able paper title, and we concur in that decision. John Montjoy
entered under his deed claiming to the boundary thereof long be-
fore Alvin purchased, and was, therefore, in constructive possession
to the extent of his boundary, and as neither party was able to show
an actual possession of the *locus in quo* until the appellants entered
thereon, within less than fifteen years before this action was com-
menced, the controversy had to be decided by ascertaining the true
boundary of the deed to John Montjoy, up to which his constructive
possession extended, in virtue of his occupancy within the boundary
of his deed.

The deed call is to run from the mouth of little Kincade creek "N. 15 degrees, E. 380 poles, to a stake in the line of Coleman Goodwin, and thence S. 86 degrees, W. 485 poles, to two lynns" near Licking river. The land of Coleman Goodwin is conceded by all to lie south of that conveyed to John Montjoy; and it is also clear from the evidence that the north line of Goodwin and the south line of Montjoy run together a part of the distance of each. The evidence tended to prove that Goodwin's east line runs N. 30 degrees W., and if continued would run to the mouth of little Kincade creek, where John Montjoy's east line begins, and that Goodwin never had a line east of the point claimed by the appellants as their northeast corner. As John Montjoy's deed calls for a stake in Goodwin's line, the course called for in his deed must yield, if necessary to reach that line, unless the line as actually run to Mountjoy was located at some other place. If Goodwin's northeast corner is where appellants claim it to be, then, nothing else appearing, John Montjoy's line cannot run east of that corner, and the course called for in his deed must yield to the local object called for, to wit, a point in Goodwin's line.

The jury should, therefore, have been told, in effect, upon this point in the case, that the true line of John Montjoy ran from the mouth of the creek to a point not further east than Goodwin's northeast corner, and that unless the appellants were in possession of land on the west side of a straight line from the mouth of the creek to Goodwin's northeast corner, they should find for them, unless they believed from the evidence that the line when originally run was actually surveyed at some other place, in which event they would find such actual location to be the true line; and if appellants were in possession of land west of that line and north of Goodwin's corner, they should, as to that, find for the plaintiff.

The instructions given, especially the first asked for by the appellee, did not conform to this view of the law. In that instruction the jury were told, in effect, that if the deed to John Montjoy covered the land, they must find for the plaintiff. This was misleading. No one disputed that to run by its calls the deed would embrace the land; and when told that if the deed covered the land they should find for the appellee, the jury may have taken the instruction to mean what its language, taken literally, imported, and especially so in view of the refusal of the court to give the instruction asked for on this point by the appellants.

This error was not cured by the fifth instruction given by the

court. The evidence failed to disclose any monuments on the ground, which are called for in the deed, but there was evidence tending to show ancient marks on the line S. 30 degrees E.; and instead of telling the jury that they should "regard the marks and monuments upon the ground rather than the courses and distances called for in deeds and other writings," they should have been told as before indicated that the line as originally run was the true line, and that if run at a place different from that indicated by the course called for, the latter must yield.

The instruction asked by the appellants was substantially correct, and although not as explicit as it might have been, should have been given. For the errors indicated the judgment is *reversed,* and the cause is remanded for a new trial upon principles not inconsistent with this opinion.

*W. W. Ireland, A. J. James, for appellants.*
*J. W. Menzies, J. N. Furber, A. Duvall, for appellee.*